UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:  Chapter 12

Edward W. Smith,  Case No. 18-55485

    Debtor.  Hon. Phillip J. Shefferly
_____/

### ORDER DENYING DEBTOR'S
### OBJECTION TO PROOF OF CLAIM NO. 4

On November 15, 2018, Edward W. Smith ("Debtor") filed this Chapter 12 case. On December 5, 2018, Nutrien AG Solutions, Inc. ("Nutrien") filed proof of claim no. 4 ("Proof of Claim"). The Proof of Claim states that Nutrien holds a claim in the amount of $45,336.07 and that the Proof of Claim is secured by "crops and equipment." Attached to the Proof of Claim are a judgment in favor of Nutrien and against the Debtor in the amount of the Proof of Claim, a security agreement dated August 1, 2013, two UCC statements and two continuation statements. The collateral description on the first UCC financing statement, filed on September 3, 2013, reads as follows:

> All crops growing or to be grown, inventory and proceeds thereof. All proceeds to include marketing contracts and assignments to crop insurance on crops. All farm equipment and equipment including, but not limited to, all tillage, planting and

harvesting equipment. Any additions and replacements to this property and any proceeds from the sale of this property are also part of the collateral.

On January 8, 2019, the Debtor filed an objection ("Objection") (ECF No. 21) to the Proof of Claim. The Objection raises two basic arguments. First, to the extent Nutrien's collateral consists of crops, its UCC financing statements are insufficient as a matter of law because they do not contain a description of the real estate on which the crops are grown. Second, Nutrien is undersecured as the value of its collateral is less than the amount of its claim.

On January 16, 2019, Nutrien filed a response to the Objection (ECF No. 23).

On February 15, 2019, the Court held a hearing on the Objection. Following arguments, the Court entered an order (ECF No. 58) that required Nutrien to file a supplemental brief by March 8, 2019 and permitted, but did not require, the Debtor to file a reply to that brief by March 18, 2019. On March 7, 2019, Nutrien filed a brief (ECF No. 62). The Debtor did not file a reply.

The Court has now had the opportunity to consider the authorities cited by the Debtor and Nutrien and is now prepared to rule on the Objection.

The Debtor's legal argument is that when a financing statement covers crops growing or to be grown, the statement "must also contain a description of the real estate concerned, and the description shall reasonably identify the real estate." In support, the Debtor cites two cases: In re Herbolsheimer, 63 B.R. 118 (Bankr.

E.D. Mich. 1985), and In re Kittyhawk Television Corp., 516 F.2d 24 (6th Cir. 1975).

In Herbolsheimer, the bankruptcy court construed the version of M.C.L. § 440.9402(1) that was in effect in Michigan at that time. At that time, the statute expressly required that when a "financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned, and the description shall reasonably identify the real estate . . . ." However, as Nutrien points out in its brief, that version of M.C.L. § 440.9402(1) was repealed in 1998. In 2000, M.C.L. § 440.9402 was entirely rewritten and that statutory provision no longer has anything to do with the adequacy of the collateral description for crops. Therefore, Herbolsheimer does not apply.

The second case cited by the Debtor, Kittyhawk, construes Ohio law, not Michigan law. It is inapposite.

The current version of the UCC adopted in Michigan expressly states in M.C.L. § 440.9102(hh)(i) that "crops grown, growing, or to be grown" are "farm products," and that farm products are "goods." M.C.L. § 440.9102(qq) similarly states that "goods" includes "crops grown, growing, or to be grown."

M.C.L. § 440.9502(1) states that a financing statement is sufficient under the UCC only if it provides the name of the debtor, provides the name of the secured party or representative of the secured party, and indicates the collateral covered by

the finance agreement. A financing statement sufficiently indicates the collateral if it meets M.C.L. § 440.9504 and §440.9108 and "reasonably identifies" the collateral. Unlike the Michigan version of the UCC that governed a financing statement in effect for crops at the time of Herbolsheimer, M.C.L. § 440.9502(1) does not require a description that identifies the real estate concerned.

In contrast to M.C.L. § 440.9502(1), which does not require the identification of real estate, M.C.L. § 440.9502(2) does require a description of the real estate, but only when the collateral in question "covers as – extracted collateral or timber to be cut, or that is filed as a fixture filing and covers goods that are or are to become fixtures." As explained before, crops are goods and are not the type of collateral described in M.C.L. § 440.9502(2). Therefore, Nutrien's financing statements are not required to describe the real estate where the crops are grown or to be grown. Because crops are goods, Nutrien's financing statements are sufficient under M.C.L. § 440.9502(1) because they provide the name of the debtor, the name of the secured party, and indicate the collateral covered by the financing statement.

The Court finds that Nutrien's financing statements are not legally deficient as argued by the Debtor in the Objection. Therefore, to the extent the Objection is based on that legal argument, it is denied.

As noted, the Objection contains a second argument — that Nutrien is undersecured because its collateral has a value less than its claim. The determination

- 4 -

18-55485-mar    Doc 78    Filed 03/21/19    Entered 03/21/19 16:42:10    Page 4 of 5

of value is necessarily a factual inquiry. Thus far, the Court has not taken evidence in this case. Therefore, for now, the Court will deny the Objection to the extent that it is based on the value of Nutrien's collateral, without prejudice to the Debtor's right to raise this issue, and without prejudice to Nutrien's right to respond, as part of the confirmation hearing which is presently scheduled for March 22, 2019. If there remains a dispute between the Debtor and Nutrien over the value of Nutrien's collateral, the Court will confer with the Debtor and Nutrien at the confirmation hearing about a procedure and a time frame to resolve such dispute. Accordingly,

**IT IS HEREBY ORDERED** that the Objection is denied to the extent and on the terms set forth in this order.

**Signed on March 21, 2019**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**